IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| TERREKO THOMAS, #220470, | * | |
| Plaintiff, | * | |
| v. | * | 1:11-CV-808-TMH |
| | | (WO) |
| JUDGE J. MICHAEL CONWAY, *et al.*, | * | |
| Defendants. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Julia Tutwiler Prison for Women in Wetumpka, Alabama, filed this 42 U.S.C. § 1983 action on September 25, 2011.[1] Plaintiff alleges that rights, privileges, or immunities afforded her under the Constitution or laws of the United States were abridged due to the conduct and actions of Defendants in June 2005. Plaintiff brings this complaint for injunctive relief against the Honorable J. Michael Conway, the Honorable C. Lawson Little, the Dothan City Jail, Christie Emery, David Lewis, Jonathan Thomas, Belinda Robinson, and Warden Grubbs. Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is appropriate under 28

---

[1] Although the present complaint was stamped "filed" in this court on September 27, 2011, the complaint was signed by Plaintiff on September 25, 2011. A *pro se* inmate's complaint is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant complaint] was delivered to prison authorities the day [Thomas] signed it . . ." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). In light of the foregoing, the court considers September 25, 2011 as the date of filing.

U.S.C. § 1915(e)(2)(B).[2]

## I. DISCUSSION

*A. Claims Barred by the Statute of Limitations*

Plaintiff's complaint alleges in its entirety:

> For one the true [sic] was not told about everything that was going on. Like me being lock in the cell up front for three days befor[e] all this went on.
>
> I was involved in a bad fight at the Dothan City Jail. And it got out of hand and the other inmate died, but I have found[] out by reading my case she didn't die because of me. She had bad health problems and was useing [sic] drugs. I have copies of all the paperwork showing she didn't die because of me.

(*Doc. No. 1 at pg. 3*.)

The complaint reflects that the actions which form the basis for Plaintiff's complaint occurred in June 2005. For relief, the court understands Plaintiff to request a retrial and that she be given the chance to tell the truth "about what went on that day." (*Doc. No. 1 at pgs. 2-4.*)

The court understands Plaintiff's complaint to assert a challenge to the sufficiency of the evidence used to convict her in the death of an inmate during her incarceration in the Dothan City Jail. The court takes judicial notice of court records which show that Plaintiff is incarcerated on her conviction for manslaughter, along with several other convictions,

---

[2]A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

entered against her by the Circuit Court for Houston County, Alabama on April 1, 2009. *See Thomas v. Albright, et al.*, Civil Action No. 1:10-CV-1101-MEF (M.D. Ala.).

To the extent that Plaintiff's complaint asserts any claims cognizable in a § 1983 action, it is clear from the face of the complaint that those claims are barred by the statute of limitations applicable to actions filed by an inmate under 42 U.S.C. § 1983.

> Federal courts must look to state law to determine, first, what statute of limitations is applicable, and second, whether that limitations period is tolled. *Whitson v. Baker*, 755 F.2d 1406, 1409 (11th Cir. 1985). Selection of a limitations period for § 1983 actions changed several times [between 1985 and 1989]. Alabama law, however, provides that the applicable limitations period is the one in effect when the claim is filed, not when the cause of action arose. *Tyson v. Johns Manville Sales Corp.*, 399 So.2d 263, 269-70 (Ala. 1981). It is undisputed that § 1983 claims were subject to a two year limitations period at that time. *See Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483-84 (11th Cir. 1989) (*Jones II*).

*Dukes v. Smitherman*, 32 F.3d 535, 537 (11th Cir. 1994).

At the time Plaintiff filed the instant complaint, the applicable statute of limitations for actions brought under 42 U.S.C. § 1983 was two years. *Owens v. Okure*, 488 U.S. 235, 249-250 (1989)(the proper statute of limitations for § 1983 actions is the forum state's general or residual statute of limitations for personal injury actions); *see also Lufkin v. McCallum*, 956 F.2d 1104, 1105 (11th Cir. 1992). In Alabama, the general statute of limitations for personal injury actions is two years. *Ala. Code* § 6-2-38(l).

While Plaintiff's complaint originated in an incident which occurred on June 2, 2005, based on the assertions made in the complaint, the court understands any constitutional

challenges Plaintiff seeks to present in the instant action to have accrued on or before the date of Plaintiff's conviction on the charges stemming from the June 2005 incident – *i.e,* April 1, 2009. On May 17, 1996, the Alabama legislature rescinded that portion of the tolling provision which previously applied to convicted prisoners. *Ala. Code* § 6-2-8(a) (1975, as amended). The tolling provision of *Ala. Code* § 6-2-8(a) is therefore unavailing. Consequently, the applicable statute of limitations expired on the claims arising as a result of Plaintiff's April 1, 2009 convictions on or before April 1, 2011. As previously noted, Plaintiff filed the instant complaint on September 25, 2011. This filing occurred after the applicable periods of limitation had lapsed.

Unquestionably, the statute of limitations is usually a matter which may be raised as an affirmative defense. The court notes, however, that in an action proceeding under section 1983, it may consider, *sua sponte*, affirmative defenses that are apparent from the face of the complaint. *Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *see also Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990). "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[(e)(2)(B)(i)] dismissal is allowed." *Clark*, 915 F.2d at 640. "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous. *See Franklin* [*v. State of Oregon*], 563 F. Supp. [1310] at 1330, 1332." *Id*. at n.2.

In analyzing § 1983 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the

answer." *Ali*, 892 F.2d at 440. "It necessarily follows that in the absence of ... defendants the ... court must evaluate the merit of the claim *sua sponte*." *Id*.

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). "We must take advantage of every tool in our judicial workshop." *Spears* [*v. McCotter*], 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

Based on the facts apparent from the face of the present complaint, Plaintiff has no legal basis on which to proceed with regard to those claims which occurred on or before April 1, 2009, as she filed this cause of action more than two years after the violations which form the basis of those claims accrued. As previously determined, the statutory tolling provision provides no basis for relief. In light of the foregoing, the court concludes that Plaintiff's challenges to the actions of Defendants with respect to matters which occurred on or before April 1, 2009, are barred by the applicable statute of limitations. These claims are, therefore, subject to dismissal as frivolous in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke v. Williams*, 490 U.S. 319 (1989).

B.  The Challenge to Plaintiff's Convictions

To the extent that Plaintiff, in bringing this action, seeks to challenge the fundamental legality of her confinement, such claims provide no basis for relief at this time. *Edwards*

*v. Balisok,* 520 U.S. 641, 646 (1997)*; Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). In *Heck*, the Supreme Court held that claims for damages arising from challenges to the legality of a prisoner's confinement are not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. 512 U.S. at 483-489. The Court emphasized that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983. *Id*. at 481.

In *Balisok*, the Court further determined that a prisoner's "claim for [both] declaratory relief and money damages" based on an alleged denial of due process that necessarily implies the invalidity of the action taken against the prisoner "is not cognizable under § 1983" unless such action has previously been overturned. 520 U.S. at 648. Moreover, the Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id*. at 645. The Court "remphasize[d] . . . that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649.

6

Plaintiff's claims represent a challenge to the constitutionality of her incarceration stemming from her April 2009 criminal proceedings. A judgment in favor of Plaintiff in this cause of action would necessarily imply the invalidity of her convictions and/or sentence. It is clear from the complaint as well as the records of this court that the convictions and/or sentence about which Plaintiff complains have not been invalidated in an appropriate proceeding. Consequently, the instant collateral attack on the convictions and/or sentence is prohibited as habeas corpus is the exclusive remedy for a state prisoner who challenges the validity of the fact or duration of her confinement. *Balisok,* 520 U.S. at 645; *Heck,* 512 U.S. at 481; *Preiser*, 411 U.S. at 488-490. Such attack is, therefore, subject to summary dismissal by this court in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's claims challenging events which occurred on or before April 9, 2009 be DISMISSED with prejudice pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i) as Plaintiff failed to file the complaint with regard to these allegations within the time prescribed by the applicable period of limitation;

2. Plaintiff's challenge to the constitutionality of the convictions and/or sentence imposed upon her by the Circuit Court for Houston County, Alabama, be DISMISSED without prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) as such claims are not properly before the court at this time;

    3.  This complaint be DISMISSED prior to service of process.

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation on or before **October 18, 2011**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 4th day of October, 2011.

                                      /s/ Susan Russ Walker
                                      SUSAN RUSS WALKER
                                      CHIEF UNITED STATES MAGISTRATE JUDGE